UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HASIM MUNIR,  :
    Plaintiff,  :
    :
v.  :  C.A. No. 21-92WES
    :
STATE OF RHODE ISLAND, SUPERIOR  :
COURT,  :
    Defendant.  :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiff Hasim Munir is a prisoner at Rhode Island's Adult Correctional Institutions ("ACI") serving a sentence based on his 2017 conviction after a jury trial in the Superior Court for first-degree child molestation sexual assault. State v. Munir, 209 A.3d 545, 546 (R.I. 2019), cert. denied, 140 S. Ct. 277 (2019). Following the Rhode Island Supreme Court's affirmance of his direct appeal[1] and the United States Supreme Court's denial of certiorari, pursuant to R.I. Gen. Laws § 10-9.1-1, in October 2019, Plaintiff initiated a post-conviction challenge to the conviction in the Rhode Island Superior Court (PM-2019-10028). As revealed by his filings (and confirmed by the state's public docket), twice, counsel was appointed but he has discharged both attorneys; it is unclear whether a third attorney will be appointed. ECF No. 4 at 6-7. In light of the impact of the COVID-19 pandemic on in-person court proceedings, the Superior Court offered Plaintiff the opportunity to appear remotely by WebEx[2] in a letter dated February

---

[1] While his direct appeal was pending, Plaintiff filed a federal Writ of Habeas Corpus under 28 U.S.C. § 2254, which was dismissed without prejudice as premature. Munir v. Rhode Island, C.A. No. 18-cv-415-JJM-LDA, ECF No. 15 (D.R.I. Oct. 17, 2018), appeal terminated, No. 18-2090 (1st Cir. Dec. 21, 2018).

[2] WebEx is a video conferencing platform used by Rhode Island State Courts.

16, 2021, which is attached to his "Notice to Court"; the letter reflects that he refused.[3]  ECF No. 4 at 13.  Plaintiff alleges that "the Corona virus has nothing to do with this [d]elay."  ECF No. 1 at 4.  Plaintiff's post-conviction relief proceeding remains pending in the Superior Court.

Dissatisfied with the delay in the Superior Court, Plaintiff filed this suit against the "State of Rhode Island Superior Court"[4] on February 24, 2021.  ECF No. 1.  In his complaint, he alleges that his constitutional rights under the First, Fifth, Sixth and Ninth Amendments and pursuant to Article III, Section 2 have all been violated.  Id.  Read leniently,[5] Plaintiff's lengthy filings describe and restate the post-conviction claims currently pending in the Superior Court, particularly his claim that his state-court trial attorney provided ineffective assistance based on her failure to present material evidence of actual innocence, such as alibi evidence and medical evidence establishing lack of contact with the victim, as well as her failure to object to evidence that was fabricated.  Plaintiff also has challenged (and seeks to raise here) the trial court's admission of his confession, which he claims was procured by threats and deception.

Plaintiff contends that the Superior Court has delayed the case based on his race, gender and religious beliefs, that the Superior Court justice assigned to his post-conviction proceeding is "suppressing the TRUTH OF NEW EVIDENCE" and that the "highest people in state & federal government majority whom is actively working in LAW ENFORCEMENT, JUDICIAL BRANCH, FEDERAL JUDICIAL BRANCH, FEDERAL & STATE GOVERNMENT" are

---

[3] In this letter, the Superior Court justice advised Plaintiff that he could proceed immediately by WebEx, but that, due to the pandemic, he would not be able to come to court for in-person hearings until the court is "next hand[ling] in-person hearings."  ECF No. 4 at 3.

[4] Because I am recommending summary dismissal, I have not addressed why the Superior Court is not a proper defendant in this case.

[5] So far, Plaintiff has addressed the merits of his claims in filings that total one hundred and sixteen pages, comprising not only his complaint, but also several motions, a supplemental memorandum, a letter and a "Notice" with supplemental exhibits.  ECF Nos. 1, 3, 4, 6-7.  Mindful of the Court's obligation to read pro se filings with leniency, I have scrutinized all of this material, scouring it for what might be a potentially viable claim.  See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75 (1st Cir. 2014).

members of a white masonic lodge practicing white supremacy, of which there are more members than there are "African Masonic members" of the "black lodges." ECF No. 1 at 3. For a remedy, Plaintiff asks this Court to transfer the venue of his pending post-conviction proceeding from the Superior Court to this Court. Id. at 10. Plaintiff accompanied his complaint with an application to proceed *in forma pauperis* ("IFP").[6] ECF No. 5.

Plaintiff's complaint and IFP application have been referred to me for review. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Whether interpreted as arising under 42 U.S.C. § 1983 (to redress injury caused by state action in violation of the Constitution or laws of the United States) or under 28 U.S.C. § 2254 (to redress wrongful custody based on a state-court judgment that violates the Constitution or laws of the United States), Plaintiff's case is subject to initial screening. Sevegny v. Smith, C.A. No. 16-258S, 2016 WL 11214094, at *1-3 (D.R.I. July 27, 2016), adopted, 2017 WL 35709 (D.R.I. Jan. 4, 2017) (pursuant to 28 U.S.C. § 1915(e)(2)(B), court must screen out § 1983 claims that are frivolous or fail to state a claim); Fuentes v. Coyne-Fague, C.A. No. 20-000111-WES, 2020 WL 8970624, at *1 (D.R.I. March 24, 2020), adopted by text order, (D.R.I. May 21, 2020) (Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires court to dismiss petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court") (internal quotation marks omitted). After preliminary review, I recommend that Plaintiff's complaint be dismissed without prejudice for the following reasons.

First, despite his invocation of various significant constitutional rights, Plaintiff fails to state any legally viable claims under 42 U.S.C. § 1983 because he seeks relief (venue transfer of

---

[6] The IFP application is deficient in that Plaintiff did not attach the required prisoner trust fund account statement. This deficiency need not be cured if the District Court adopts my recommendation of summary dismissal.

3

ongoing state criminal proceeding to federal court) that is not legally available.[7] Portley-El v. Figueroa, No. CIV-09-593-M, 2009 WL 5216910, at *4 (W.D. Okla. Dec. 30, 2009) (request to remove/transfer pending state court habeas proceeding to federal court summarily dismissed for failure to state a claim; federal courts "do not sit as 'super-appellate' courts to reconsider state court decisions"), appeal dismissed, 373 F. App'x 883 (10th Cir. 2010); see Kruebbe v. Beevers, 692 F. App'x 173, 176 (5th Cir. 2017) (per curiam) (affirming dismissal of case seeking to transfer venue of state criminal case to federal court based on alleged corruption of state court judge); Roudybush v. Kansas, Case No. 17-2303-CM, 2017 WL 3232957, at *5 (D. Kan. July 31, 2017) (venue transfer of state criminal case to federal court denied because court has no authority to issue such an order pursuant to abstention doctrine established by Younger v. Harris, 401 U.S. 37 (1971)).  A state-court post-conviction petition must be adjudicated to conclusion in the state court (including appeal, if available, to the state's highest court) before the federal court may intervene.  Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010); see Fuentes, 2020 WL 8970624, *1-2 (recommending that case be dismissed at screening where it is plain on face of petition that post-conviction review in Superior Court is ongoing and claims are not fully exhausted).

Second, while Plaintiff identifies some state actors (particularly the presiding Superior Court justice) who have allegedly deprived him of federal constitutional rights, he makes no

---

[7] In the narrow circumstance where a state criminal defendant is subject to a criminal prosecution implicating federal racial equality laws that a state refuses or is unwilling to enforce, the criminal case may be removed to federal court. See 28 U.S.C. § 1443(1).  However, to invoke this federal removal statute, the notice of removal must be filed within thirty days of arraignment or before trial (whichever is earlier), unless good cause is shown for a later filing. New Hampshire v. Strahan, Case No. 17-cr-183-JL, 2017 WL 6949513, at *1 (D.N.H. Dec. 19, 2017), adopted, 2018 WL 460223 (D.N.H. Jan. 17, 2018) (citing 28 U.S.C. § 1455(b)(1)).  Therefore, even if the Court construed Plaintiff's complaint as invoking § 1443(1), removal would be "plainly time barred."  Lawson v. Rhode Island, No. CR. 13-140 S, 2013 WL 6150768, at *1 (D.R.I. Nov. 22, 2013).  In any event, § 1443(1) applies only in the "rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicitly state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." Slavin v. Cameron, No. 2:14-cv-2736 MCE KJN P, 2015 US Dist. LEXIS 5305, at *2-3 (D. Mass. Jan. 15, 2015) (internal quotation marks omitted).  This federal removal statute is not applicable to Plaintiff's case.

4

factual allegations against them that plausibly state a viable § 1983 claim.  To the contrary, his complaint about undue delay is factually undermined by his filing, which alleges that his Superior Court post-conviction case has been pending for less than two years (since October 2019).  ECF No. 1 at 2; see Fuentes, 2020 WL 8970624, *1 (dismissing federal petition based on failure to exhaust state-court remedies despite claim that state post-conviction proceeding plagued by "inordinate delay of (3) years attributable to the state, the Court-appointed counsel and trial justice").  Moreover, his filings include correspondence with the Rhode Island Superior Court reflecting that the delay so far appears to have been caused by Plaintiff's actions in that he has seriatim discharged the two attorneys appointed to represent him and was offered the opportunity to appear remotely, but declined, preferring to wait until the pandemic recedes to the point where normal in-person hearings are resumed.  Further, while Plaintiff's complaint alludes in passing to discrimination based on race, gender and religion, his filings tell the Court nothing of the factual foundation for any such claims and seek no remedy (other than venue transfer) arising from them.  Therefore, this aspect of the case fails to state a plausible claim and is subject to dismissal.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see, e.g., Clayton v. Brennan, No. 4:18-CV-1039-JAR, 2019 WL 144133, at *4 (E.D. Mo. Jan. 9, 2019) (*pro se* claims alleging discrimination based on race, age, gender and disability dismissed pursuant to 28 U.S.C. § 1915(e)(2) for lack of factual foundation), appeal docketed, No. 21-1152 (8th Cir. Jan. 21, 2021).  Plaintiff's allegations about white and black masonic lodges are similarly implausible.  See Foy v. Masonic Temple, Civ. A. No. 85-5717, 1986 WL 5708, at *1 (E.D. Pa. Mar. 19, 1986) (with no factual allegations to suggest conspiracy between Masons and any government official, 1983 action dismissed as frivolous).

Third (and most important), Plaintiff's filings effectively ask this Court to step in and take over the adjudication of his ongoing state criminal case at the post-conviction phase. Such an attempt to end run state criminal proceedings is barred by either the Younger abstention doctrine and/or the Rooker-Feldman doctrine. See Younger v. Harris, 401 U.S. 37 (1971) (preventing a federal court from interfering with an ongoing state criminal prosecution); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) (preventing lower federal courts from sitting in direct review of state court decisions). It is also contrary to the bedrock principle that exhaustion of the state court remedies available to a state inmate is essential before he may seek habeas corpus relief from federal court. See 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (state prisoner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition"); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 (1973) ("nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court"). If construed as a habeas petition, which is what it appears to purport to be, Plaintiff's complaint is procedurally barred because it is palpably plain on the face of the pleading that Plaintiff has not yet exhausted his state court post-conviction relief remedies. Fuentes, 2020 WL 8970624, at *1-2.

For the foregoing reasons, I recommend that Plaintiff's complaint (ECF No. 1) be summarily DISMISSED without prejudice for failure to state any legally viable claim and that his IFP application (ECF No. 5) be DENIED as moot.[8]

---

[8] Plaintiff has also filed two motions to compel the Superior Court to provide this Court with all pertinent exhibits and other documents associated with his Superior Court criminal case. ECF Nos. 7 & 8. If the Court adopts my recommendation that Plaintiff's complaint be summarily dismissed without prejudice, these motions may be denied as moot.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 2, 2021