```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
HASIM MUNIR,                       )
                                   )
          Plaintiff,               )
                                   )
     v.                            )   C.A. No. 21-092 WES
                                   )
STATE OF RHODE ISLAND SUPERIOR     )
COURT,                             )
                                   )
          Defendant.               )
_____)
```

### ORDER

Plaintiff Hasim Munir is currently serving a sentence in Rhode Island state prison. See State v. Munir, 209 A.3d 545, 546 (R.I. 2019). He alleges that the Rhode Island Superior Court has committed various constitutional violations with regards to his ongoing post-conviction challenge in that court. See Compl. 1, ECF No. 1.

On April 2, 2021, Magistrate Judge Patricia A. Sullivan issued a Report and Recommendation, ECF No. 9. As Judge Sullivan explained, Mr. Munir's post-conviction challenge has seemingly been delayed by the coronavirus pandemic, Mr. Munir's discharge of two appointed attorneys, and his refusal to appear at proceedings via remote conferencing. See id. (citations omitted). Upon initial screening, Judge Sullivan recommends that the Complaint be dismissed without prejudice for the following reasons. First, the

relief sought – transfer of the ongoing post-conviction proceeding to federal court – is unavailable. See R. & R. 3-4. Second, Mr. Munir makes no factual allegations that could plausibly form a basis for relief under 42 U.S.C. § 1983. See id. at 4-5. Third, by seeking federal court intervention in an ongoing state court post-conviction proceeding, his requests run afoul of the Younger abstention doctrine and/or the Rooker-Feldman doctrine. See R. & R. 6 (citing Younger v. Harris, 401 U.S. 37 (1971), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)). Moreover, to the extent that Mr. Munir seeks habeas relief, his Complaint fails because he has not exhausted his state court remedies. See id.

Plaintiff has filed an Objection, ECF No. 12, and an Amended Objection, ECF No. 15. However, neither submission meaningfully addresses any of the reasons for dismissal discussed in the Report and Recommendation. See Obj., 1-3; Am. Obj. 2-4.[1] Plaintiff asserts that because Defendant has not responded to his Complaint, Defendant has defaulted. See Affidavit 3, ECF No. 16; see also Am. Obj. 2. However, because Judge Sullivan determined upon preliminary review that the Complaint plainly fails to state a plausible claim for relief, there has been no need for Defendant

---

[1] To the extent that Plaintiff's Notice, ECF No. 11, is intended to be an additional objection, the Court reaches the same conclusion.

to respond to the Complaint.  See Rule 4 of Rules Governing § 2254 Cases in U.S. District Courts (providing for preliminary review of state habeas claims); 28 U.S. Code §1915A (requiring preliminary screening of prisoner suits against government officials).

Having carefully reviewed the relevant filings, the Court ACCEPTS and ADOPTS the Report and Recommendation, ECF No. 9, over Plaintiff's objections.  Accordingly, Plaintiff's Complaint, ECF No. 1, is DISMISSED WITHOUT PREJUDICE.  Plaintiff's Motion for Leave to Proceed in forma pauperis, ECF No. 5, Plaintiff's Motion to Compel, ECF No. 7, Plaintiff's Motion to Compel Production to Expand the Record, ECF No. 8, and Plaintiff's Motion to Assign, ECF No. 13, are all DENIED AS MOOT.

IT IS SO ORDERED.

_William E. Smith_
William E. Smith
District Judge
Date:  May 13, 2021